UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>DOE-72.192.163.220,<br>　　　　　　　　　　　Defendant. | Case No. 16-cv-2589 WQH (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S** ***EX PARTE*** **MOTION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 4]** |

Presently before the Court is Plaintiff's *Ex Parte* Motion to Expedite Discovery. (ECF No. 4.) No opposition was filed, as no defendant has been named or served. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff is the registered copyright owner of the motion picture *Criminal*. (ECF No. 4-1 at 1.) Plaintiff asserts the person or entity assigned Internet Protocol ("IP") address 72.192.163.220 has illegally copied and distributed *Criminal* through his, her, or its use of the online BitTorrent file distribution network. (*Id.* at 1–2.)

Plaintiff commenced the instant action by filing a Complaint against Defendant "Doe–72.192.163.220" on October 17, 2016. (ECF No. 1.) The Complaint alleges a single claim of copyright infringement against Defendant. (*Id.* at 8–9.)

Because Defendant used the Internet to commit the alleged infringement, Plaintiff knows Defendant only by his, her, or its IP address, which Plaintiff believes was assigned to Defendant by the Internet Service Provider ("ISP") Cox Communications. (ECF No. 4-1 at 2.) In the present Motion, Plaintiff asserts that Cox Communications has "the records which tie the IP address used to infringe plaintiff's rights to a specific party who contracted with Cox Communications for service" and that "[w]ithout this information, Plaintiff cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights." (*Id.* at 2–3.) Accordingly, Plaintiff seeks leave to serve a Rule 45 subpoena on Cox Communications to obtain the name and address associated with IP address 72.192.163.220. (*Id.* at 3.)

## II. LEGAL STANDARDS

**A.   Early Discovery**

Discovery is generally not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing

party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

### B.   The Cable Privacy Act

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information about subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose a subscriber's personally identifiable information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

### III.  DISCUSSION

### A.   Early Discovery

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on Cox Communications before the parties conduct a Rule 26(f) Conference in this case so that Plaintiff may obtain the true name and address of Defendant. (ECF No. 4-1 at 2.) For the

reasons set forth below, Plaintiff's Motion is **GRANTED**.

1.  **Identification of Missing Party with Sufficient Specificity**

For the Court to grant Plaintiff's Motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12cv00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *5–6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1–46*, No. C-11-02263 HRL, 2011 WL 2470986, at *6–7 (N.D. Cal. June 21, 2011)).

In cases where it is unclear whether the subject IP address is "dynamic" or "static," such as here, it matters when Plaintiff's geolocation efforts were performed.[1] In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next." *State v. Shields*, No. CR06352303, 2007 WL 1828875, at *6 (Conn. Sup. Ct. June 7, 2007). It is most likely that the user of IP address 72.192.163.220 is a residential user and that the IP address assigned by Cox Communications is dynamic.[2] Thus, if Plaintiff's geolocation efforts were performed in the temporal proximity to the offending downloads, they may be probative of the physical

---

[1] "Static IP addresses are addresses which remain set for a specific user. Dynamic IP addresses are randomly assigned to internet users and change frequently. Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356 (D.D.C. 2011) (citing *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008)).

[2] "Most consumer IP addresses are 'dynamic' as opposed to 'static.'" *Call of the Wild Movie*, 770 F. Supp. 2d at 356.

location of the subject IP subscriber. If not, the geolocation of the subject IP address may potentially be irrelevant.

Here, the Court concludes that the instant Motion sufficiently demonstrates that Defendant is likely subject to the Court's jurisdiction. Plaintiff attaches to its Motion a table reflecting that the user of IP address 72.192.163.220 engaged in allegedly infringing activity from September 24, 2016, through September 25, 2016. (ECF No. 4-3 at 1–2.) In addition, Plaintiff attaches to its Motion the declaration of its counsel, James Davis, asserting that IP address 72.192.163.220 belongs to Cox Communications and that Plaintiff employed certain geolocation technology to locate that IP address within the Southern District of California. (ECF No. 4-2 at ¶¶ 11–24.) Specifically, Mr. Davis declares that Plaintiff's investigators, MaverikEye UG, checks the location of infringing IP addresses against the Maxmind geolocation database at "the specific time of the observed instance" of the infringing activity. (*Id.* at ¶ 15.) Plaintiff's counsel declares further that the Maxmind geolocation service "is about 95% accurate in the U.S." and "is used by local and federal law enforcement agencies as best practice for IP Address Geolocation in order to determine which locality/agency has proper jurisdiction." (*Id.* at ¶¶ 18–19.) In addition, Plaintiff's counsel asserts that after he receives geolocation information from MaverikEye UG, he verifies the location of an IP address by entering the address into three websites that contain a function for locating IP addresses. (*Id.* at ¶ 22.) Plaintiff's geolocation efforts traced IP address 72.192.163.220 to San Diego County. (*Id.* at ¶ 23.)

The Court concludes that based on the timing of the IP address tracing efforts employed by Plaintiff's investigator, the documented success of the Maxmind geolocation service, and Plaintiff's counsel's efforts to independently verify the location information provided by Plaintiff's investigator, Plaintiff has met its evidentiary burden of showing that IP address 72.192.163.220 likely resolves to a physical address located in this District.

### 2. Previous Attempts To Locate Defendant

For the Court to grant Plaintiff's Motion, Plaintiff must next identify all of the steps it took to locate Defendant to ensure the Court it made a good faith effort to identify and

serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court concludes that Plaintiff has met this burden. Plaintiff retained a private Internet forensic investigator, MaverikEye UG, to monitor the BitTorrent file distribution network for the presence of Plaintiff's copyrighted works and to identify the IP addresses of devices that are found distributing Plaintiff's copyrighted works. (ECF No. 4-2 at ¶ 12.) Through MaverikEye UG, Plaintiff has been able to identify much about the subscriber of IP address 72.192.163.220, such as his, her, or its ISP, general location, and software used to commit the allegedly infringing acts. (*Id.* at ¶¶ 12–15.) Based on the above, the Court is satisfied that Plaintiff has made a good faith effort to locate Defendant and that Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already has. Accordingly, the Court finds Plaintiff has sufficiently satisfied the second prong of the Ninth Circuit's "good cause" test.

### 3. Whether Plaintiff's Suit Can Withstand a Motion to Dismiss

For the Court to grant Plaintiff's Motion, Plaintiff must next show that its suit against Defendant could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). The Court finds Plaintiff has met this burden.

Plaintiff's Complaint alleges a single cause of action against Defendant: copyright infringement. (ECF No. 1 at 8–9.) To prove a claim of direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). Here, Plaintiff purports to be the exclusive owner of the copyrighted work at issue. (*Id.* at ¶¶ 7–8; ECF No. 1-4.) In addition, Plaintiff alleges that "Defendant, without the permission or consent of [Plaintiff], copied and distributed plaintiff's motion picture through a public BitTorrent network." (ECF No. 1 at ¶ 36.) Accordingly, the Court finds Plaintiff has alleged the *prima facie* elements of direct copyright infringement and its suit against Defendant would likely withstand a motion to dismiss.

### 4. Specific Discovery Request

Finally, for the Court to grant Plaintiff's Motion, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at 642). Although Plaintiff did not provide the Court with a proposed subpoena, Plaintiff has provided the Court with sufficient information regarding its requested discovery by stating in its Motion that it will seek from Cox Communications only the name and address of the subscriber of IP address 72.192.163.220.

## B. The Cable Privacy Act

Cox Communications is a "cable operator" within the meaning of the Cable Privacy Act, and therefore the Court must consider the requirements of the Act in granting Plaintiff's Motion. The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber, but cable operators may disclose personally identifiable information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(1)–(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds good cause exists to allow Plaintiff to serve a Rule 45 subpoena upon Cox Communications at this time. Accordingly, Plaintiff's Motion is **GRANTED** as follows:

1. Plaintiff may serve on Cox Communications a subpoena, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the **name and address** of the subscriber assigned IP address 72.192.163.220 for the relevant time period. Plaintiff shall not seek from Cox Communications any other personally identifiable information about the subscriber;

2. Plaintiff's subpoena to Cox Communications must provide a minimum of 45 calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff;

3. At the time Plaintiff serves its subpoena on Cox Communications, Plaintiff shall also serve on Cox Communications a copy of this Order;

4. Within 14 calendar days after service of the subpoena, Cox Communications shall notify the subscriber assigned IP address 72.192.163.220 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice;

5. The subscriber whose identity has been subpoenaed shall have 30 calendar days from the date of such notice to challenge Cox Communications' disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

6. If Cox Communications seeks to modify or quash the subpoena, it shall do so as provided by Federal Rule of Civil Procedure 45(d)(3); and

7. In the event a motion to quash, modify, or otherwise challenge the subpoena is brought properly before the Court, Cox Communications shall preserve the information sought by the subpoena pending the resolution of any such motion.

**IT IS SO ORDERED.**

Dated: November 18, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge